W. B. CHAMY *v.* P. O. FLAMER'S ADMR.

**Pleading—Answer not Replied To.**
> A plaintiff, who fails to controvert the allegations in an answer, setting up by counter-claim that a portion of the land in controversy, and which had been sold him, had been otherwise disposed of before sale to him, cannot complain of a reduction of his judgment to the extent of the value of the deficiency.

APPEAL FROM GRAVES COMMON PLEAS COURT.

June 17, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

It is sufficiently alleged in the answer in this case, which is made a counter-claim against the plaintff, as the administrator of Flamers, that although Flamers only had title to 130 acres of the quarter section of 160 acres of land described in the deed from him to the defendant, his vendor A. C. Chamy, having sold off 30 acres to another, said Flamers sold defendant the tract as containing the entire quarter section of 160 acres, at the price of two dolalrs and fifty cents per acre, and took the note in controversy for part of the price and fraudulently concealed from defendant the fact that the thirty acres had been sold off and represented to him that he owned the entire 160 acres. The plaintiff

having failed to file any reply to this counter-claim controverting the material allegations thereof, it should for the purposes of the action, have been taken as true according to the 153rd section of the Civil Code, and the defendant was entitled to relief thereon, for $75, the value of the deficit in the tract at the contract price, with interest to be applied in reduction of the plaintiff's demand.

The judgment is therefore deemed erroneous, and must be reversed. But on the return of the cause the plaintiff should be allowed to reply to the counter-claim.

Wherefore the judgment is reversed and the cause remanded for a new trial and for further proceedings not inconsistent with this opinion.

*Slayden, for appellant.*

*Anderson, Stubblefield, for appellee.*